**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| SHELIA YATES-MATTINGLY<br>181 MT. VERNON DRIVE<br>CINCINNATI, OHIO 45241<br><br>    Plaintiff,<br><br>v.<br><br>UNIVERSITY OF CINCINNATI<br>c/o Douglas Nienaber, Assoc. Gen. Counsel<br>University Pavilion, Suite 650<br>Cincinnati, OH 45221<br><br>    and<br><br>PAMELA D. LINEBACK<br>c/o Douglas Nienaber, Assoc. Gen. Counsel<br>University Pavilion, Suite 650<br>Cincinnati, OH 45221<br><br>    and<br><br>University of Cincinnati, Blue Ash<br>9555 Plainfield Road<br>Cincinnati, OH 45236<br><br>    Defendants. | Case No. 1:11-cv-753<br><br>Judge Spiegel<br><br><br><br>**PLAINTIFF'S FIRST AMENDED COMPLAINT WITH JURY DEMAND ENDORSED HEREON** |

Plaintiff Shelia Yates-Mattingly complaining of Defendants University of Cincinnati and Defendant Pamela Lineback, alleges the following:

## PARTIES

1. Plaintiff Shelia Yates-Manningly ("Plaintiff") is a citizen and resident of the State of Ohio.

2. Defendant University of Cincinnati ("Defendant UC") is an educational institution organized and operated under the laws of the State of Ohio. Defendant UC is an employer within the meaning of federal law. Defendant UC is sued for damages and equitable relief.

3. Defendant Pamela D. Lineback ("Defendant Lineback") is Assistant Dean at University of Cincinnati. At all times material hereto, Defendant Lineback acted both in her official capacity as agent for Defendant UC and/or in her individual capacity, as well as in the course of her employment. She is sued individually for damages and in her official capacity for equitable relief.

## JURISDICTION AND VENUE

4. This Court has jurisdiction to hear this case pursuant to 28 U.S.C. §1331 because it arises under the laws of the United States. Plaintiff's Count I arises under 42 U.S.C. §1983, and Count II arises under the Rehabilitation Act.

5. Venue is proper in the Southern District of Ohio, Western Division, pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to these claims occurred in the Southern District of Ohio, Western Division.

## FACTUAL ALLEGATIONS

6. Plaintiff is Caucasian.

7. Plaintiff became employed with Defendant UC in 1998.

8. Plaintiff was a loyal and dedicated employee during her 12-year career with Defendant UC.

9. Plaintiff held the position of Coordinator of Student Life at Defendant UC's Raymond Walters campus and was qualified for her position at all relevant times.

10. Plaintiff performed well as reflected in her performance reviews and was recognized with the "Distinguished Staff Service" award and the "Staff Bonus" award.

11. Plaintiff was diagnosed with the disability of depression. She informed her supervisor, Defendant Lineback, of the diagnosis and that she was receiving treatment for her disability.

12. Plaintiff began suffering from the disability of migraine headaches in early 2010 and informed Defendant Lineback of this.

13. Plaintiff requested leave as an accommodation for her disability under the Rehabilitation Act.

14. Despite her high level of performance, and despite having never been disciplined, Defendants placed her on a Performance Improvement Plan ("PIP") in March of 2010.

15. Defendants also stripped Plaintiff of a number of duties around March and April 2010.

16. Plaintiff complained to Raymond Walter's Acting Dean about Defendant Lineback's unequal, discriminatory, and retaliatory treatment of her, but no action was taken with regard to Plaintiff's complaint.

17. During the PIP, Plaintiff took a number of protected absences as accommodation under the Rehabilitation Act.

18. Plaintiff satisfied the requirements of the PIP.

19. Nevertheless, Defendants terminated Plaintiff on or about June 14, 2010 allegedly for not satisfying the requirements of the PIP.

20. Defendant Lineback stated that Plaintiff would not have been terminated if she was African-American. Defendant Lineback also called Plaintiff "unstable."

20. Defendants engage in a pattern and practice of discriminating against Caucasians.

21. Defendants engage in a pattern and practice of discriminating against individuals who are disabled, are perceived as disabled, or have records of disability.

22. Defendants engage in a pattern and practice of retaliating against individuals who complain of disability discrimination and/or request accommodation for a disability.

3

## COUNT I

### (Violation of Equal Protection – 42 U.S.C. §1983)

23. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

24. Defendants' conduct described above unlawfully and unconstitutionally deprived Plaintiff of the equal protection of the law because of her race, in violation by the Equal Protection clause of the Fourteenth Amendment to the United States Constitution.

25. Congress has abrogated Defendant UC's Eleventh Amendment immunity with respect to Plaintiff's Equal Protection claim due to her race.

26. Defendants' actions were wilful, wanton, malicious, and/or in reckless disregard of Plaintiff's constitutional rights.

27. As a direct and proximate result of Defendants' discriminatory conduct and unequal treatment because of her race, Plaintiff has suffered injuries and damages for which she is entitled to recovery and injunctive relief.

28. Plaintiff is entitled to judgment pursuant to 42 U.S.C. §1983.

## COUNT II

### (Disability Discrimination & Retaliation – Rehabilitation Act)

29. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

30. Defendant UC discriminated against Plaintiff because of her disability, because it perceived her as disabled, and/or because of her record of a disability by treating her less favorably than similarly situated non-disabled employees, retaliating against her for requesting leave as a reasonable accommodation for her disability, and terminating her employment on account of her perceived or real disability, or record of disability, in violation of the Rehabilitation Act.

31. Defendant UC retaliated against Plaintiff because of her complaints that she was being discriminated and retaliated against because of her disability and requests for accommodation by treating her less favorably than similarly situated non-disabled employees and terminating her employment on account of her complaints of discrimination and retaliation, in violation of the Rehabilitation Act.

32. Defendant UC's conduct was intentional, willful, wanton, malicious, and in reckless disregard of Plaintiff's legal rights.

33. As a direct and proximate result of Defendant UC's unlawful conduct, Plaintiff has suffered injuries and damages for which she is entitled to recovery and injunctive relief.

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

(a) That Plaintiff be awarded injunctive relief retroactively reinstating her to her employment and enjoining Defendants from further unlawful activity;

(b) That Plaintiff be awarded all lost pay and benefits, and front pay;

(c) That Plaintiff be awarded compensatory damages;

(d) That Plaintiff be awarded liquidated damages;

(e) That Plaintiff be awarded punitive damages;

(f) That Plaintiff be awarded reasonable attorneys' fees and costs;

(g) That Plaintiff be awarded prejudgment interest;

(h) That Plaintiff be compensated for the adverse tax consequences of receiving a lump sum award rather than her compensation over several, separate tax years; and

(i) That Plaintiff be awarded all other legal and equitable relief to which she may be entitled.

Respectfully Submitted,


/s/ Elizabeth S. Loring
Elizabeth S. Loring (0076542)
Trial Attorney for Plaintiff
FREKING & BETZ, LLC
525 Vine Street, Sixth Floor
Cincinnati, OH  45202
(513) 721-1975/Fax: (513) 651-2570
*eloring@frekingandbetz.com*


## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.


/s/ Elizabeth S. Loring


## CERTIFICATE OF SERVICE

I hereby certify that on March 21, 2012, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system and copies will be mailed via U.S. mail to those parties who are not served via the Court's electronic filing system.  Parties may access this filing through the Court's System.


/s/ Elizabeth S. Loring