UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SHELIA YATES-MATTINGLY,       Case No. 1:11-cv-753

    Plaintiff,

                                          Judge Timothy S. Black

vs.

UNIVERSITY OF CINCINNATI, *et al.*,

    Defendants.

**ORDER THAT DEFENDANTS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS (Doc. 18) IS GRANTED**

This civil action is before the Court on Defendants' motion for partial judgement on the pleadings (Doc. 18) and the parties' responsive memoranda (Docs. 19, 20).

**I.    BACKGROUND FACTS**

Plaintiff is a Caucasian female who became employed with UC in 1998. (Doc. 14 at ¶¶ 6, 7; Doc. 17 at ¶¶ 6, 7). The University is an educational institution which is operated under the laws of the State of Ohio. (Doc. 14 at ¶ 2; Doc. 17 at ¶ 2); *see* Ohio Rev. Code. § 3361.01. Pamela Lineback is employed by UC as an Assistant Dean, and at all material times acted both in her official capacity as an agent for UC and/or in her individual capacity, as well as in the course of her employment. (Doc. 14 at ¶ 3; Doc. 17 at ¶ 3).

Plaintiff held the position of Coordinator of Student Life at UC's Raymond Walters campus in Blue Ash, Ohio, and was qualified for her position at all relevant times. (Doc. 14 at ¶ 9; Doc. 17 at ¶ 9). She describes herself as a loyal and dedicated employee during her 12-year career with UC. (Doc. 14 at ¶ 8).

Plaintiff alleges that her performance evaluations reflect that she performed well in her position; she received awards from UC during her tenure as an employee. (*Id.* at ¶ 10).

Plaintiff alleges she was diagnosed with the disability of depression, and that she informed her supervisor, Pamela Lineback, of the diagnosis and that she was receiving treatment for her disability. (Doc. 14 at ¶ 11). In addition, Plaintiff began suffering migraine headaches from the disability in early 2010 and claims to have informed her supervisor of this medical issue. (*Id.* at ¶ 12). Plaintiff requested leave as an accommodation for her disability under the Rehabilitation Act. (Doc. 14 at ¶ 13; Doc. 17 at ¶ 13). Plaintiff was placed on a Performance Improvement Plan ("PIP") in March of 2010. (Doc. 14 at ¶ 14; Doc. 17 at ¶ 14). During the PIP, Plaintiff claims to have taken a number of absences protected as accommodation under the Rehabilitation Act. (Doc. 14 at ¶ 17). Plaintiff also had a number of duties taken from her around March and April 2010. (Doc. 14 at ¶ 15; Doc. 17 at ¶ 15).

Plaintiff alleges she complained to the Acting Dean about Lineback's "unequal, discriminatory, and retaliatory treatment of her, but no action was taken with regard to Plaintiff's Complaint." (Doc. 14 at ¶ 16). She alleges that she satisfied the requirements of the PIP, which Defendants deny. (*Id.* at ¶ 18; Doc. 17 at ¶ 18).

Plaintiff was terminated June 14, 2010, on the grounds that she had not satisfied the requirements of the PIP. (Doc. 14 at ¶ 19; Doc. 17 at ¶ 19). Plaintiff alleges that

Lineback stated that she would not have been terminated if she was African-American and also called her "unstable"; Defendants deny both of these allegations. (Doc. 14 at ¶ 20; Doc. 17 at ¶ 20).

In Count I of the First Amended Complaint, Plaintiff asserts that UC and Lineback are liable under 42 U.S.C. § 1983 for depriving her of equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution. (Doc. 14 at ¶¶ 23-28). In Count II, Plaintiff alleges UC is liable for discrimination and retaliation under the Rehabilitation Act. (*Id.* at ¶¶ 29-33).

## II.     STANDARD OF REVIEW

The standard or review for a Rule 12(c) motion is the same as for a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Id.* (*citing JPMorgan Chase Bank v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007)).

The factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead "sufficient factual matter" to render the legal claim plausible, *i.e.*, more than merely possible. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). However, "a legal conclusion couched as a factual

allegation" need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient. *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009).

### III.  ANALYSIS

#### A.  Section 1983 Claim against the University (Count I)

Plaintiff alleges that UC is liable for violating 42 U.S.C. Section 1983. Section 1983 provides that "[e]very *person* who . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." (Emphasis added). State entities are not "person[s]" that can be liable under Section 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65 (1989). Similarly, Section 1983 claims do not lie against instrumentalities of a state, including state universities. *Russell v. University of Toledo*, 537 F.3d 596, 610 (6th Cir. 2008). The University of Cincinnati is an instrumentality of the State of Ohio and thus cannot be subjected to liability under Section 1983. Ohio Rev. Code § 3361.01.

Moreover, even if the University of Cincinnati were a "person," Plaintiff's Section 1983 claim would be barred by the Eleventh Amendment. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 117 (1984) (holding that "[i]t is clear, of course, that in the absence of consent a suit in which the State of one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment"). The Sixth Circuit

has stated, unequivocally, that the Eleventh Amendment "bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments." *Thiokol Corp. v. Dep't of Treas.*, 987 F.2d 376, 381 (6th Cir. 1993). As a state university, the University of Cincinnati is considered an arm of the State of Ohio and therefore exempt from 1983 liability. *Johnson v. Univ. of Cincinnati*, 215 F.3d 561, 571 (2000). While Plaintiff alleges that Congress has abrogated UC's Eleventh Amendment immunity, the Sixth Circuit has specifically held that the Eleventh Amendment immunity extends to Ohio's state universities. *Hall v. Medical College of Ohio at Toledo*, 742 F.2d 299, 301 (6th Cir. 1984) (public colleges and universities are arms of their respective state governments and immune from lawsuits); *see also* Ohio Rev. Code § 3345.011 (defining "state university" as a "body politic and corporate" and specifically including the University of Cincinnati).

Accordingly, Plaintiff's Section 1983 claim against the University is barred by the Eleventh Amendment, and it is hereby **DISMISSED**.

**B.     Section 1983 Claim against Lineback in her Official Capacity (Count I)**

Plaintiff also alleges a Section 1983 claim against Lineback in both her official and individual capacities.[1] "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will*, 491 U.S. at 71. *See also Nuovo v. The*

---

[1] Defendant's pending motion for judgment does not address, nor seek to dismiss, the claims against Lineback in her individual capacity.

*Ohio State Univ.*, 726 F.Supp.2d 829, 850 (S.D. Ohio 2010) (holding that a federal suit against state officials on the basis of state law contravenes the Eleventh Amendment).

However, in addition to damages, Plaintiff requests injunctive relief. The Eleventh Amendment does not bar prospective injunctive or declaratory relief against state officials, even though such relief may have an ancillary effect on the state treasury. *Quern v. Jordan*, 440 U.S. 332, 337 (1979). Plaintiff may assert a Section 1983 claim against Lineback in her official capacity – but only to the extent that she is seeking prospective injunctive relief. *Edelman v. Jordan*, 415 U.S. 651 (1974). That is, an exception to sovereign immunity permits suit against state officials (but not the state itself) for purely injunctive relief enjoining the official from violating federal law. *Ex Parte Young*, 209 U.S. 123 (1908). Nevertheless, under *Ex Parte Young*, the court's remedial power only includes relief that does not involve the payment of public funds from state revenues, unless that payment arises from the state's future compliance with federal law. *Edelman,* 415 U.S. at 667-668.

In the instant case, Plaintiff seeks the following relief: "injunctive relief retroactively reinstating her to her employment; injunctive relief prohibiting the Defendants from further unlawful activity; lost pay, benefits, and front pay; compensatory damages; liquidated damages; punitive damages; attorneys' fees and costs; prejudgment interest; and compensation for adverse tax consequences. (Doc. 14 at ¶ 5). With the exception of injunctive relief prohibiting the Defendants from further unlawful activity, all of the relief sought is retroactive and/or would involve payments from the state

treasury that do not arise from future compliance with the law. Therefore, such relief is barred by *Ex Parte Young*.[2]

Accordingly, Plaintiff has alleged facts sufficient to state a Section 1983 claim against Lineback in her official capacity only to the limited extent of seeking prospective injunctive relief prohibiting Defendants from further unlawful activity. All other claims against Lineback in her official capacity are hereby **DISMISSED**.

    C.    **Rehabilitation Act Claim (Count II)**

        *1.*    *Jurisdictional issue*

Plaintiff also alleges that UC is liable for violating Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794. The operative language states that "[n]o otherwise qualified individual with a disability in the United States . . . shall solely by reason of his or her disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."

Defendants allege that Plaintiff failed to state a claim under the Rehabilitation Act because she did not satisfy a jurisdictional prerequisite by alleging that UC is the recipient of federal financial assistance and thus is subject to the Act. *Nelson v. Miller*, 170 F.3d

---

[2] *See, e.g., Freeman v. Michigan Dep't of State*, 808 F.2d 1174, 1179 (holding that back pay, front pay, and fringe benefits are barred in an *Ex Parte Young* claim, but an injunction against future unlawful activity is not); *Thompson v. Harmony*, 65 F.3d 1314 (6th Cir. 1995) (*Ex Parte Young* remedies for wrongfully terminated student include prospective reinstatement, future support, and expungement of record but not retroactive remedies); *Galli v. Morelli*, 01cv1056, 2003 U.S. Dist. LEXIS 15138 at *5 (S.D. Ohio Aug. 15, 2003) (back pay and front pay are barred in an official-capacity claim).

641, 653 n.8 (6th Cir. 1999). The Court agrees.

In her memorandum contra, Plaintiff seeks leave to file a second Amended Complaint in order to state that the University of Cincinnati receives federal funding. Motions for leave to amend pleadings should be liberally granted unless the motions are brought in bad faith or the proposed amendments would cause undue delay, be futile, or unfairly prejudice the opposing parties. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Despite the liberal standard, this Court finds that amendment would be futile here because even if Plaintiff were to remedy the federal funding issue, she cannot state a cause of action as explained *infra* at Section III.C.2.

### 2. *Factual Support*

In contrast to Title I of the Americans with Disabilities Act ("ADA") which prohibits employers from discriminating "on the basis of disability," Section 504 prohibits discrimination "*solely* by reason of . . . disability." (Emphasis added). In fact, to establish a *prima facie* case of a Section 504 violation, a plaintiff must prove: (1) she was an individual with a disability; (2) she was otherwise qualified for the job in question, and (3) she was discriminated against "solely because of the disability." *Plautz v. Potter*, 156 Fed. App'x 812, 816 (6th Cir. 2005). The Sixth Circuit recently reiterated that, "the Rehabilitation Act permits an employer to make a decision because of a handicap if the handicap is not the sole reason for the decision." *Lee v. City of Columbus*, 636 F.3d 245, 250 (6th Cir. 2011).

In the charge filed with the Equal Employment Opportunity Commission on November 17, 2010, Plaintiff alleged that she was discriminated against on the basis of disability. However, she further stated that "I believe I have been discriminated against because of my age in violation of the Age Discrimination in Employment Act (ADEA)." (Doc. 18, Ex. A). Further, Plaintiff alleges in the complaint that she was discriminated against because she is Caucasian. (Doc. 14 at ¶ 24).

For example, in *Blumenthal v. Murray*, 995 F. Supp. 831 (N.D. Ill. 1998), plaintiff raised a Rehabilitation Act claim, alleging he was subjected to race discrimination and retaliation in violation of Title VII of the Civil Rights Act. Noting that the plaintiff alleged he was subjected to discrimination in part because of his race and in part because of a disability, the court held that "[i]t is obvious that, as written, the complaint fails to allege that plaintiff's disability was the sole reason for his discharge and therefore fails to state a claim." *Id.* at 836. The Rehabilitation Act claim was dismissed without prejudice, but the court cautioned the plaintiff to be mindful of his obligations under Fed. R. Civ. P. 11 should he seek to amend the complaint to plead discrimination in the alternative. *Id.*

Similarly, in the instant case, Plaintiff failed to allege that disability was the sole reason for her termination from UC. In fact, she expressly alleged that she was terminated because of her age and race, in addition to her disability. *See, e.g., Sedor v. Frank*, 42 F.3d 741, 746 (2nd Cir. 1994), *cert. denied sub nom Sedor v. Runyon*, 515 U.S.

1123 (1995) (Rehabilitation Act claim must be rejected if employer's decision was motivated in part by factor other than disability).

Therefore, her claim under the Rehabilitation Act fails as a matter of law and is **DISMISSED**.

### IV.  CONCLUSION

Accordingly, for the reasons stated here, Defendants' motion for partial judgment on the pleadings (Doc. 18) is **GRANTED**.

The civil action survives as to: (1) Plaintiff's Section 1983 claim against Lineback in her individual capacity; and (2) Plaintiff's Section 1983 against Lineback in her official capacity, but only to the limited extent of seeking prospective injunctive relief prohibiting Defendants from further unlawful activity.

**IT IS SO ORDERED.**

Date:  8/31/12                                         *s/ Timothy S. Black*
                                                                   Timothy S. Black
                                                                   United States District Judge