UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SHELIA YATES-MATTINGLY,　　　　　　　Case No. 1:11-cv-753

　　　　Plaintiff,　　　　　　　　　　　　　Judge Timothy S. Black

vs.

UNIVERSITY OF CINCINNATI, *et al.*,

　　　　Defendants.

## ORDER: (1) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO STRIKE (Doc. 43) and (2) GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT (Doc. 52)

This civil action is before the Court on: (1) Defendants' motion to strike (Doc. 43); (2) Plaintiff's motion for leave to file a third amended complaint (Doc. 52); and (3) Defendants' responsive memorandum (Doc. 53).[1]

### I.　　FACTUAL BACKGROUND AND PROCEDURAL POSTURE

Plaintiff alleges that she was terminated from her position as Coordinator of Student Life with the University of Cincinnati, Blue Ash, as a result of race discrimination and in violation of Section 1983. This Court previously rejected Plaintiff's request to add a claim under the Rehabilitation Act. (Doc. 41 at 5). Additionally, the Court granted Defendants' motion for partial judgment on the pleadings, finding that her Rehabilitation Act claim failed as a matter of law. (Doc. 29 at 8-10).

---

[1] Plaintiff's counsel notified the Court by telephone communication on 2/7/13 that she did not intend to file a reply memorandum.

Defendants now argue that as a result of this Court's rulings, disability is not an issue in this case. Therefore, Defendants seek to strike the following allegations in Plaintiff's second amended complaint:

11. Plaintiff was diagnosed with the disability of depression. She informed her supervisor, Defendant Lineback, of the diagnosis and that she was receiving treatment for her disability.

12. Plaintiff began suffering from the disability of migraine headaches in early 2010 and informed Defendant Lineback of this.

13. Plaintiff requested leave for her disability.

17. During the PIP [Performance Improvement Plan], Plaintiff took a number of protected absences to accommodate her disability.

29. Defendant UC engages in a pattern and practice of discriminating against individuals who are disabled, are perceived as disabled, or have records of disability.

(Doc. 42 at 2-4).

Subsequently, Plaintiff filed a motion for leave to file a third amended complaint eliminating paragraph 29 and changing all references of "disability" to the word "condition." Defendants oppose the motion for leave to file a third amended complaint under the same rationale.

## I. STANDARD OF REVIEW

### A. Motion to Strike

Fed. R. Civ. P. 12(f) permits a Court to strike from a pleading matters that are "redundant, immaterial, impertinent, or scandalous." Motions to strike are addressed in the sound discretion of the trial court, but are generally disfavored. *Ameriwood Indus. Int'l Corp. v. Arthur Andersen & Co.*, 961 F. Supp. 1078, 1083 (W.D. Mich. 1997).

2

Striking pleadings is considered a drastic remedy to be used sparingly and only when the purposes of justice so require. *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953). "A motion to strike should be granted only when the pleading stricken has no possible relation to the controversy." *Id.*

### B. Motion to Amend

"Once the scheduling order's deadline [for amending pleadings] passes, a plaintiff first must show good cause under Rule 16(b) for failure earlier to seek leave to amend before a court will consider whether amendment is proper under Rule 15(a)." *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003). The Court "must evaluate prejudice to the nonmoving party 'before a court will consider whether amendment is proper under Rule 15(a).'" *Commerce Benefits Group, Inc. v. McKesson Corp.*, 326 F. App'x 369, 376 (6th Cir. 2009). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements … Another relevant consideration is possible prejudice to the party opposing the modification." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002).

## II. ANALYSIS

### A. Motion to Strike

Defendants claim that Plaintiff's second and third amended complaints are attempts to allege disability discrimination, despite the Court's previous rulings otherwise. Defendants maintain that Plaintiff's multiple references to "disability" are nothing but "unnecessary clutter." *Cardinal Health, Inc Sec. Litig.*, 426 F. Supp. 2d 688,

3

712 (S.D. Ohio 2006). Defendants claim that the repeated inclusion of allegations about treatment for depression, migraine headaches, requests for leave, accommodations for disability, and a pattern and practice of discriminating against individuals who are disabled would cause unnecessary confusion of the real issues, to the detriment of the Defendants. Defendants argue that unless Plaintiff re-files the complaint in a manner that conforms with the Court's order granting leave to amend, the Defendants will suffer prejudice.[2]

Plaintiff maintains that the Court should not grant Defendants' motion to strike[3] because nearly all of the allegations they seek to strike are relevant to proving pretext on Plaintiff's remaining claims. Specifically, to succeed on her retaliation and Section 1983 claims, Plaintiff must establish that Defendants' articulated reason did not motivate the termination decision and thus is pretext for unlawful retaliation and discrimination. To establish pretext Plaintiff may show that: (1) the proffered reasons had no basis in fact; (2) the proffered reasons did not actually motivate her discharge; and (3) the proffered reasons were insufficient to motivate discharge. *Manzer v. Diamond Shamrock Chemicals Co.*, 29 F.3d 1078, 1084 (6th Cir. 1994). In order to rebut Defendants justification for Plaintiff's termination, that she was frequently absent, Plaintiff must advance a legitimate reason for her absence. Therefore, whether or not Plaintiff had a

---

[2] Additionally, Defendants argue that Plaintiff failed to timely respond to the motion to strike. In fact, it was only at the prompting of the Court in its Show Cause Order (Doc. 49) that Plaintiff responded. While the Court acknowledges that Plaintiff clearly failed to file a memorandum contra within 21 days of Defendants' motion to strike in contravention with the Local Rule (S.D. Ohio Civ. R. 7.2(a)(2)), this Court prefers to decide disputes on the merits and not procedural defaults.

[3] Plaintiff concedes that paragraph 29 of the second amended complaint may be stricken.

4

legitimate reason to be absent is relevant to proving pretext in this case. Paragraphs 11 through 13 and 17 set forth Plaintiff's explanation for the legitimacy of her absences and therefore do not meet the Rule 12(f) requirements to be stricken.

Although the only remaining claims in this lawsuit allege that Plaintiff was discriminated against because of her race, she may include facts in the complaint pertaining to her "condition" if these facts help to support her claim of pretext. The Court disagrees with Defendants' characterization of the amended complaint as being "dominated" by references to claims this Court has rejected. To the extent that facts regarding Plaintiff's condition are relevant to explaining her absences, the Court declines to strike them.

## B. Motion To Amend

In the interest of resolving Defendants' objections, Plaintiff moves this Court for leave to file a third amended complaint which substitutes the word "condition" for "disability" in paragraphs 11 through 13 and 17.

While the Court acknowledges that a higher standard applies to motions to amend after a deadline to amend the pleadings has expired, given the fact that the content of the third amended complaint is virtually identical to what has already been filed, the Court finds that granting leave to amend does not prejudice the Defendants or compromise the case calendar. *See* Fed. R. Civ. P. 16(b).

### III. CONCLUSION

Accordingly, for the foregoing reasons, Defendants' motion to strike (Doc. 43) is **GRANTED IN PART** and **DENIED IN PART**. Specifically, paragraph 29 in the second amended complaint is stricken. Plaintiff's motion to file a third amended complaint (Doc. 52) is **GRANTED**. Plaintiff shall file the third amended complaint forthwith.

**IT IS SO ORDERED.**

Date:  2/11/13                                                      *s/ Timothy S. Black*
                                                                                Timothy S. Black
                                                                                United States District Judge